IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY L. TOGNETTI,<br>105 Reef Lane,<br>Key Biscayne, Florida 33149,<br><br>      Plaintiff,<br><br>   v.<br><br>MERRICK B. GARLAND, in his official capacity as Attorney General of the United States,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20530,<br><br>and<br><br>STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives,<br>99 New York Avenue, N.E.,<br>Washington, D.C. 20226,<br><br>      Defendants. | Civil Action No:<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Now comes plaintiff, Jeffrey L. Tognetti, by and through undersigned counsel, and complains of defendants, as follows:

**INTRODUCTION AND SUMMARY OF ACTION**

1.    Generally, a person convicted of a "crime punishable by imprisonment for a term exceeding one year" for purposes of 18 U.S.C. §§ 992(d)(1) and (g)(1), is barred from possessing a firearm.  Plaintiff Jeffrey L. Tognetti respectfully requests a Declaration that he qualifies under the "business practices exception" to this federal felon-in-possession ban.

2. Mr. Tognetti is not barred by reason of his one-count conviction in 2000 for engaging in fraudulent interstate transactions related to the offer or sale of securities in violation of 15 U.S.C. § 77q(a). In sum, said conviction falls squarely within the business practices exception to the aforementioned ban.

3. That exception, codified in 18 U.S.C. § 921(a)(20)(A), provides that "any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" do not qualify as a conviction for purposes of the felon-in-possession ban. As Mr. Tognetti's conviction pertains to offenses relating to the regulation of business practices, the conviction falls within that exception.

4. In addition to a Declaratory Judgment confirming that his 2000 conviction qualifies for the business practices exception, Mr. Tognetti seeks an Order permanently enjoining defendants from enforcing 18 U.S.C. §§ 992(d)(1) and (g)(1) as applied to him and with respect to that twenty-four year old conviction.

## JURISDICTION AND VENUE

5. This Court has "federal question" subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case asks this Court to consider and construe federal statutes under which Mr. Tognetti's claims arise.

6. This Court has jurisdiction to grant the relief sought in this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Venue in this action lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A), since defendants herein are officers and employees of the United States or any agency thereof acting in their official capacities, and one or more named defendant resides in this Judicial District.

## **PARTIES**

8. Plaintiff Jeffrey L. Tognetti is a natural person and resident of Colorado, Florida, and Montana.

9. Since 2021, Mr. Tognetti has maintained a year-round leased residence in Whitefish, Flathead County, Montana and recently entered into a contract to purchase that property.

10. Mr. Tognetti, an avid outdoorsman, hunter, and sporting firearms enthusiast before and after his 2000 conviction, desires to purchase, possess, rent, and/or borrow firearms for the sports of hunting, target shooting, and mountain hiking in Glacier National Park, which is grizzly bear country. However, the above-referenced Sections 992(d)(1) and (g)(1) and the implementing regulations promulgated and enforced by defendants, commonly called the federal felon-in-possession ban, prevent him from doing so.

11. Defendant Merrick B. Garland is the Attorney General of the United States, with offices located at United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

12. As Attorney General, Defendant Garland is responsible for executing and administering the laws of the United States, including said Sections 922(d)(1) and (g)(1) and their implementing regulations. He is sued in his official capacity.

13. Defendant Steven Dettelbach is the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), a Bureau within the United States Department of Justice, with offices located at 99 New York Avenue, NE, Washington, DC 20226.

14. As Director of ATF, Defendant Dettelbach is responsible for executing and administering firearms laws of the United States, including said Sections 922(d)(1) and (g)(1) and their implementing regulations. He is sued in his official capacity.

**FACTUAL ALLEGATIONS**

A. <u>Mr. Tognetti's 2000 Conviction</u>

15. Plaintiff was President of Edge Money Management ("Edge"), a proprietary financial trading company that he founded in or about 1996.

16. Edge was a highly successful business, earning significant returns for its investors through electronic trading.

17. In 1999, when Mr. Tognetti was twenty-six (26) years old, a grand jury in the Southern District of New York issued a single-count Indictment against him, alleging that he deceived Edge's investors by failing to properly account for investment returns and using investor funds for personal expenditures.

18. On or about January 26, 2000, following trial, a jury found Mr. Tognetti guilty of one count of securities-related fraud pursuant to 15 U.S.C. § 77q(a). In response to questions raised by the trial Judge, the jury specifically found that Mr. Tognetti had neither intended nor caused any loss to investors.

19. After the verdict, the sentencing Court, having presided over all of the trial, issued a remarkable Sentencing Order ("Sentencing Order"), a copy of which is annexed as **Exhibit A**. The Sentencing Order vigorously disputed the government's Sentencing Guidelines calculations and largely accepted Mr. Tognetti's assertions as to his lack of intent to cause investor losses, stating that "based upon the trial testimony of the Investors and the Defendant himself, the Court agrees with Defendant that there was no intended loss." *See* Ex. A at 5.

20. The Court further determined that Mr. Tognetti was entitled to a downward departure under the Sentencing Guidelines, "because the actual loss [] overstates the seriousness of the offense, and because of the unique circumstances of this case." *Id.* at 24.

21. The Court additionally credited Mr. Tognetti with acceptance of responsibility and rejected the government's requested enhancements for abuse of trust and obstruction of justice. *Id.*

22. Consequently, on or about August 11, 2000, the Court sentenced Mr. Tognetti to a probationary term of three years, six months of which was to be served in home confinement with electronic surveillance, and a $10,000 fine. *See United States v. Tognetti*, 99-cr-00699-DAB, ECF No. 23 (S.D.N.Y. Aug. 15, 2000). A copy of this Judgment is annexed as **Exhibit B**.

23. Mr. Tognetti timely paid his fine and served his probationary term, which ended on or about January 16, 2003. *See id.*, ECF No. 30 (S.D.N.Y. Jan. 16, 2003). A copy of the Assistant U.S. Attorney's Affirmation attesting to Mr. Tognetti's satisfaction of the fine is annexed as **Exhibit C**.

24. After completing the sentence for this offense, Mr. Tognetti has never been charged with another crime.

25. Since his conviction, Tognetti has lived an upstanding life, including providing for his expansive family of nine children and step-children and creating and running several highly successful businesses.

    **B.**    **The Statutory Scheme**

26. Title 18 U.S.C. § 922(g)(1) prohibits firearms possession by "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32.

27. Title 18 U.S.C. § 922(d)(1) prohibits anyone from transferring firearms or ammunition to any transferee whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." *See also* 27 C.F.R. § 478.32.

28. Violations of these provisions are deemed felony offenses punishable by a prison term of up to ten years. 18 U.S.C. § 924(a)(2).

29. Title 18 U.S.C. § 921(a)(20)(A) provides that a "'crime punishable by imprisonment for a term exceeding one year' does not include . . . any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices[.]" *See also* 27 C.F.R. § 478.11.

30. All firearms purchasers within the United States who do not possess a Federal Firearms License (*i.e.*, virtually all ordinary civilian consumers of firearms) must complete Section B of an ATF Form 4473 (Firearms Transaction Record), administered under defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 21(d) on ATF Form 4473 asks:

> Have you ever been convicted in any court, including a military court, of a **felony**, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?[1]

31. The "Notices, Instructions, and Definitions" section of ATF Form 4473 includes, *inter alia*, the following text within its instructions related to Questions 21(c)–21(m):

> EXCEPTION: A person is not prohibited from receiving or possessing a firearm if that person: (1) has been convicted of any Federal or State offense pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices . . . A person subject to any of these exceptions, or who received relief from disabilities under 18 U.S.C. § 925(c), should answer "no" to the applicable question.

---

[1] U.S. Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, ATF E-Form 4473 (Aug. 2023), https://www.atf.gov/firearms/docs/4473-part-1-firearms-transaction-record-over-counter-atf-form-53009/download (last visited January 29, 2024).

32. Defendants instruct firearms dealers not to sell firearms to anyone who answers "yes" to Question 21(d). Indeed, defendants instruct firearms dealers to refrain from even running a background check on anyone who answers "yes" to this question and deny the transaction solely on the basis of that answer: "If a prospective purchaser answered 'yes' to any of the questions on the ATF Form 4473 . . . you should not contact the [National Criminal Background Check Service ("NICS")] because the subject is prohibited from purchasing."[2]

### C. Precedent Supports Mr. Tognetti's Claim.

33. Judges within this District have granted the relief that Mr. Tognetti has requested to similarly-situated plaintiffs. For example, on or about September 28, 2018, United States District Judge John D. Bates enjoined defendants from enforcing 18 U.S.C. §§ 922(d)(1) and (g)(1) and 27 C.F.R. §§ 478.32(a)(1) and 478.99(c)(1) against a defendant who, as with Mr. Tognetti, was previously convicted of a federal securities offense. *See* Order and Final Judgment, *Reyes v. Sessions*, Civ. No. 17-1643 (JDB) (D.D.C. Nov. 21, 2018) ("*Reyes*"), ECF Nos. 26–27.

34. The gravamen of *Reyes* was that plaintiff's underlying securities-related offense (as the one here) was related to the regulation of business practices and therefore fell within the business practices exception to the felon-in-possession bar. Specifically, the Court determined that plaintiff's predicate convictions "regulate business practices by securities issuers to prevent

---

[2] ATF, FFL Newsletter Issue I at 14 (May 2001), *available at* https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-may-2001/download. *See also* ATF, FFL Newsletter Issue II at 2 (Sept. 1999), *available at* https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-september-1999/download ("If the prospective purchaser answers 'yes' to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an [sic] 'proceed' or 'denied' response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.").

deceptive half-truths or affirmatively misleading statements regarding the stability of a company or the value of its stocks[,]" and that such laws "primarily ensure that investors have sufficient information to make informed decisions to minimize their risk of economic loss[.]" *Reyes*, 342 F. Supp. 3d 141, 155 (D.D.C. 2018).

35. In a similar case in this District regarding a plaintiff's securities-related conviction, on or about September 29, 2022, United States District Judge Randolph D. Moss denied defendants' motion to dismiss a Complaint asserting a claim resembling Mr. Tognetti's. The Court held that the plaintiff's federal securities offenses fell under the "business practices exception" and did not trigger application of 18 U.S.C. §§ 922(d)(1) and (g)(1). *See* Memorandum Opinion and Order, *Cuti v. Garland*, Civ. No. 19-3455 (RDM) (D.D.C. Sept. 29, 2022) ("*Cuti*"), ECF No. 29.

**D.     Mr. Tognetti Wishes To Possess And Use A Firearm In Montana.**

36. Under Montana State law, the prohibition of firearm ownership or purchase by convicted felons is limited to specific circumstances involving the use of a firearm during the commission of the predicate felony or other incidents not appliable to Mr. Tognetti.

37. Montana Code § 45-8-313 states as follows:

> (1) A person commits the offense of unlawful possession of a firearm by a convicted person if the person purposely or knowingly purchases or possesses a firearm after the person has been convicted of: (a) a felony for which the person received an additional sentence under 46-18-221; (b) an offense under the law of another state or of the United States that is equivalent to an offense that when committed in Montana is subject to an additional sentence under 46-18-221; or (c) a felony for which the person is currently required to register for the sexual or violent offender registry.

8

38. Montana Code § 46-18-221 provides an additional sentence for offenses committed with a dangerous weapon and applies only to a person who, "while engaged in the commission of the [predicate offense under Mont. Code Ann. § 46-1-401] knowingly displayed, brandished, or otherwise used a firearm[.]"

39. Because the State prohibition on felon firearm ownership or possession does not apply to him, Mr. Tognetti is thus free under Montana law to acquire and possess a firearm, but the federal prohibition under Sections 922(d)(1) and (g)(1) still prevents him from doing so.

40. Plaintiff's prior conviction for engaging in fraudulent interstate transactions related to the offer or sale of securities in violation of 15 U.S.C. § 77q(a), "pertains to" or "is similar to" unfair trade practices, or constitutes a "similar offense relating to the regulation of business practices" and is excluded from the class of convictions triggering application of Sections 922(d)(1) and (g)(1).

41. The securities offense under which Mr. Tognetti was convicted, 15 U.S.C. § 77q(a), falls within the Section of the United States Code that codified the Securities Act of 1933, which, following the stock market crash of 1929, "was enacted '[t]o provide full and fair disclosure of the character of securities sold in interstate and foreign commerce, and through the mails, and to prevent frauds in the sale thereof[.]'"

42. Together with the Securities Exchange Act of 1934, codified at 15 U.S.C. § 78, *et seq.*, "these Acts regulated the business practices that led to financial ruin for thousands of investors." *Reyes*, 342 F. Supp. 3d at 152, quoting 48 Stat. 74, 74 (1933).

43. Plaintiff's conviction under 15 U.S.C. § 77q(a) required, as elements needed to be proven beyond a reasonable doubt, that he engaged in willful, intentional, or knowing acts of fraud or deceit in offering or selling share certificates and/or interests in Edge by use of the mails or interstate commerce.

44. Because these enumerated elements evince that Section 77q(a) was intended to regulate business practices primarily to protect securities purchasers from economic harm resulting from fraud, Mr. Tognetti's predicate offense falls under the "business practices exception" and resultingly is excluded from the definition of a "crime punishable by imprisonment for a term exceeding one year" for purposes of Sections 922(d)(1) and (g)(1), which are therefore rendered inapplicable to him.

45. Plaintiff desires to acquire and possess firearms that have travelled in or affect interstate commerce for purposes of hunting and target shooting and has long maintained well-realized plans to engage in these activities while residing at his property in Montana.

46. Alternatively, Mr. Tognetti desires to rent and/or borrow firearms for lawful sporting purposes while in Montana.

47. Solely and exclusively as a result of his 2000 federal conviction, Mr. Tognetti is prohibited from acquiring and possessing a firearm based on defendants' interpretation and enforcement of Sections 921(a)(20)(A), 922(d)(1), and 922(g)(1) and of the corresponding federal regulations.

48. Mr. Tognetti refrains and has refrained from attempting to acquire a firearm from a licensed dealer in Montana, only because doing so would be futile given the presence of Question 21(d) on ATF Form 4473, and since, were he successful, he would be subject to arrest, prosecution, incarceration, and fine, at defendants' instigation and direction, for violating Sections 922(d)(1) and (g)(1).

49. Plaintiff cannot lawfully state in his responses on ATF Form 4473 that he has not been convicted of a crime punishable by imprisonment for over one year, nor can he reliably answer "no" to Question 21(d) based on the Form's instructions regarding the business practices exception absent a Declaration from this Court that his 2000 conviction falls under that exception. And, were Mr. Tognetti to state on ATF Form 4473 that he has been convicted of such a crime, any firearms dealer licensed by the federal government who complies with defendants' directives would refuse to sell a firearm to him.

50. Plaintiff has refrained from attempting to acquire a firearm from a private party in Montana, insofar as doing so would subject him to arrest, prosecution, incarceration, and fine, at defendant's instigation and direction, for violating Sections 922(d)(1) and (g)(1).

51. Plaintiff refrains and has refrained from attempting to borrow or rent a firearm from a private party or a licensed shooting range in Montana, because doing so would subject him to arrest, prosecution, incarceration, and fine, at defendants' instigation and direction, for violating Section 922(g)(1).

52. As a consequence, Mr. Tognetti is suffering, currently and on a continuing basis, the injury of being unable to obtain firearms from licensed federal firearms dealers and/or private parties, which firearms Tognetti would hold, obtain, and possess, but for defendants' interpretation and enforcement of Sections 921(a)(20)(A), 922(d)(1), and 922(g)(1).

**COUNT ONE**

**For A Declaratory Judgment Regarding Sections 921(a)(20)(A), 922(d)(1), and 922(g)(1)**

53. Mr. Tognetti hereby incorporates all of his prior allegations as though fully set forth herein.

54. Mr. Tognetti's federal conviction for a securities offense cannot be the predicate offense for the firearms disability under 18 U.S.C. §§ 922(d)(1) and (g)(1), since that conviction was for an offense relating to the regulation of business practices similar to the "Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices" contemplated by 18 U.S.C. § 921(a)(20)(A) and is thus excluded from §§ 922(d)(1) and (g)(1).

55. Plaintiff's conviction under 15 U.S.C. § 77q(a) required the government to prove that he engaged in willful, intentional, or knowing acts of fraud or deceit in offering or selling share certificates and/or interests in Edge by use of the mails or interstate commerce.

56. Given that Section 77q(a) was intended to regulate business practices primarily to protect securities purchasers from economic harm resulting from fraud, Mr. Tognetti's predicate offense falls under the "business practices exception" and so is excluded from the definition of a "crime punishable by imprisonment for a term exceeding one year" for purposes of Sections 922(d)(1) and (g)(1), which are, as a result, inapplicable to him.

57. Mr. Tognetti is entitled to declaratory and injunctive relief barring defendants from enforcing Sections 922(d)(1) and (g)(1) against him on account of his conviction for engaging in fraudulent interstate transactions related to the offer or sale of securities, in violation of 15 U.S.C. § 77q(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that Judgment be entered in his favor and against defendants as follows:

  a. A Declaration, Order, and Judgment stating that, pursuant to 18 U.S.C. § 921(a)(20)(A) and 27 C.F.R. § 478.11, the prohibitions of 18 U.S.C. §§ 922(g)(1) and 922(d)(1), and 27 C.F.R. §§ 478.32(a)(1) and 478.99(c)(1) do not apply to and cannot be applied against plaintiff Jeffrey L. Tognetti owing to his 2000 conviction for engaging in interstate transactions related to the offer or sale of securities in violation of 15 U.S.C. § 77q(a);

  b. An Order permanently enjoining defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Injunction, from enforcing 18 U.S.C. §§ 922(g)(1) and 922(d)(1) and 27 C.F.R. §§ 478.32(a)(1) and 478.99(c)(1) against plaintiff Jeffrey L. Tognetti on the basis of his 2000 conviction;

  c. Costs of this action;

  d. Attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

   e.  Any further relief that this Court may deem just and proper.

Date: February 2, 2024     Respectfully submitted,

            /s/ *James M. Burns*
            James M. Burns (D.C. Bar No. 412319))
            WILLIAMS MULLEN
            8350 Broad Street, Suite 1600
            Tysons, VA 22102
            jmburns@williamsmullen.com
            Phone: (703)760-5223
            Fax: (703) 748-0244

            James J. McGuire (*pro hac vice* application anticipated)
            james.mcguire@gmlaw.com
            Marc D. Walkow (*pro hac vice* application anticipated)
            marc.walkow@gmlaw.com
            Mark T. Doerr (*pro hac vice* application anticipated)
            mark.doerr@gmlaw.com

            GREENSPOON MARDER LLP
            590 Madison Avenue, Suite 1800
            New York, New York 10022
            Phone: (212) 524-5000
            Fax: (212) 524-5050

## **VERIFICATION**

      I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                            Executed this 2nd day of February 2024.

                                            */s/ Jeffrey L. Tognetti*
                                            Jeffrey L. Tognetti

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing will be served on the Defendants with the complaint and summons.

Dated this 2nd day of February 2024

/s/ *James M. Burns*
James M. Burns